Slip Op. 26-15

# UNITED STATES COURT OF INTERNATIONAL TRADE

BIO-LAB, INC., INNOVATIVE WATER CARE, LLC (F/K/A CLEARON CORP.), AND OCCIDENTAL CHEMICAL CORPORATION,

      Plaintiffs,

v.

UNITED STATES,

      Defendant,

and

JUANCHENG KANGTAI CHEMICAL CO., LTD. AND HEZE HUAYI CHEMCIAL CO., LTD.,

      Defendant-Intervenors.

Before: Jennifer Choe-Groves, Judge

Court No. 24-00118

## OPINION AND ORDER

[Remanding the U.S. Department of Commerce's final results.]

Dated: February 18, 2026

Chase J. Dunn and James R. Cannon, Jr., Cassidy Levy Kent (USA) LLP, of Washington, D.C., for Plaintiffs Bio-Lab, Inc., Innovative Water Care, LLC (f/k/a Clearon Corp.), and Occidental Chemical Corporation. With them on the brief was Ulrika K. Swanson.

Tate N. Walker, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With him on the brief were Brett A. Shumate, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Reginald T. Blades, Jr., Assistant Director. Of counsel was Shanni Alon, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

Alexandra H. Salzman, The Inter-Global Trade Law Group, PLLC, of Washington, D.C., for Defendant-Intervenors Juancheng Kangtai Chemical Co., Ltd. and Heze Huayi Chemical Co., Ltd. With her on the brief were Gregory S. Menegaz and Vivien J. Wang.

Choe-Groves, Judge: This action concerns the U.S. Department of Commerce's ("Commerce") final determination in Chlorinated Isocyanurates from the People's Republic of China ("Final Results"), 89 Fed. Reg. 49,149 (Dep't of Commerce June 11, 2024) (final results of countervailing duty administrative review; 2021) and accompanying Decision Memorandum for the Final Results of Countervailing Duty Administrative Review of Chlorinated Isocyanurates from the People's Republic of China; 2021 (Dep't of Commerce June 4, 2024) ("Final IDM"), PR 143.[1]

Before the Court is Plaintiffs Bio-Lab, Inc.'s ("Bio-Lab"), Innovative Water Care, LLC's (f/k/a Clearon Corp.) ("IWC"), and Occidental Chemical Corporation's ("OxyChem") (collectively, "Plaintiffs") Memorandum of Law and Fact in Support of Plaintiffs' Rule 56.2 Motion for Judgment on the Agency

---

[1] Citations to the administrative record reflect the public record ("PR") and confidential record ("CR") numbers filed in this case, ECF Nos. 36, 37, 38.

Record.  Mem. Law Fact Supp. Pls.' R. 56.2 Mot. J. Agency R. ("Plaintiffs' Motion for Judgment Upon the Agency Record" or "Pls.' Br."), ECF Nos. 25, 26, 27.  The United States ("Defendant") filed Defendant's Response in Opposition to Plaintiffs' Motion for Judgment Upon the Agency Record.  Def.'s Resp. Opp'n Pls.' Mot. J. Agency R. ("Def.'s Resp. Br."), ECF No. 30.  Heze Huayi Chemical Co., Ltd. ("Heze Huayi") and Juancheng Kangtai Chemical Co., Ltd. ("Kangtai") (collectively, "Defendant-Intervenors") filed the Response Brief of Defendant-Intervenors Heze Huayi Chemical Co., Ltd. and Juancheng Kangtai Chemical Co., Ltd.  Resp. Br. Def.-Intervs. Heze Huayi Chemical Co., Ltd. and Juancheng Kangtai Chemical Co., Ltd. ("Def.-Intervs.' Resp. Br."), ECF No. 31.  Plaintiffs filed Plaintiffs' Reply Brief.  Pls.' Reply Br., ECF Nos. 32, 33, 34.  The Court held oral argument on December 16, 2025.  Confidential Oral Argument (Dec. 16, 2025), ECF No. 52.

For the reasons discussed below, the Court grants Plaintiffs' Motion for Judgment Upon the Agency Record and remands Commerce's Final Results.

## JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction pursuant to Section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii), and 28 U.S.C. § 1581(c).  The Court shall hold unlawful any determination found to be

unsupported by substantial evidence on the record or otherwise not in accordance with law.  19 U.S.C. § 1516a(b)(1)(B)(i).

## DISCUSSION

I.    **Statutory Framework for Commerce's Application of Facts Otherwise Available**

Pursuant to the Tariff Act, Commerce has the authority to conduct countervailing duty investigations and determine whether "the government of a country or any public entity within the territory of a country is providing, directly or indirectly, a countervailable subsidy with respect to the manufacture, production, or export of a class or kind of merchandise imported, or sold (or likely to be sold) for importation, into the United States."  19 U.S.C. § 1671(a)(1).  The Court of Appeals for the Federal Circuit ("CAFC") has said that countervailing subsidies "exist when (1) a foreign government provides a financial contribution (2) to a specific industry and (3) a recipient within the industry receives a benefit as a result of that contribution."  Fine Furniture (Shanghai) Ltd. v. United States ("Fine Furniture"), 748 F.3d 1365, 1369 (Fed. Cir. 2014) (citing 19 U.S.C. § 1677(5)(B)).

Section 776 of the Tariff Act states that if "necessary information is not available on the record," then the agency shall "use the facts otherwise available in reaching" its determination.  19 U.S.C. § 1677e(a)(1).  19 U.S.C. § 1677e(a)(2) permits Commerce to select from facts otherwise available if an interested

party: (A) withholds information; (B) fails to provide such information by the deadlines for submission, or in the form and manner requested; (C) significantly impedes a proceeding; or (D) provides such information but the information cannot be verified.  19 U.S.C. § 1677e(a)(2).

Commerce's authority to use facts otherwise available under 19 U.S.C. § 1677e(a) is subject to 19 U.S.C. § 1677m(d), which states that:

> If the administering authority or the Commission determines that a response to a request for information under this subtitle does not comply with the request, the administering authority or the Commission (as the case may be) shall promptly inform the person submitting the response of the nature of the deficiency and shall, to the extent practicable, provide that person with an opportunity to remedy or explain the deficiency in light of the time limits established for the completion of investigations or reviews under this subtitle.

19 U.S.C. § 1677m(d).

If Commerce determines that "an interested party has failed to cooperate by not acting to the best of its ability to comply with a request for information" from the agency, then Commerce "may use an inference that is adverse to the interests of that party in selecting from among the facts otherwise available."  Id. § 1677e(b)(1)(A).  The CAFC has interpreted these two subsections to have different purposes.  See Mueller Comercial de Mexico, S. de R.L. De C.V. v. United States, 753 F.3d 1227, 1232 (Fed. Cir. 2014).  Subsection (a) applies "whether or not any party has failed to cooperate fully with the agency in its inquiry."  Id. (citing Zhejiang DunAn Hetian Metal Co. v. United States, 652 F.3d

1333, 1346 (Fed. Cir. 2011)).  Subsection (b) applies only when Commerce makes a separate determination that the respondent failed to cooperate "by not acting to the best of its ability.  Id. (quoting Zhejiang DunAn Hetian Metal Co., 652 F.3d at 1346).

When determining whether a respondent has complied to the "best of its ability," Commerce "assess[es] whether [a] respondent has put forth its maximum effort to provide Commerce with full and complete answers to all inquiries in an investigation."  Nippon Steel v. United States, 337 F.3d 1373, 1382 (Fed. Cir. 2003).  This determination requires both an objective and subjective showing.  Id. Commerce must determine objectively "that a reasonable and responsible [respondent] would have known that the requested information was required to be kept and maintained under the applicable statutes, rules, and regulations."  Id. (citing Ta Chen Stainless Steel Pipe, Inc. v. United States, 298 F.3d 1330, 1336 (Fed. Cir. 2002)).  Next, Commerce must demonstrate subjectively that the respondent's "failure to fully respond is the result of the respondent's lack of cooperation in either: (a) failing to keep and maintain all required records, or (b) failing to put forth its maximum efforts to investigate and obtain the requested information from its records."  Id. at 1382–83.  Adverse inferences are not warranted "merely from a failure to respond," but rather in instances when Commerce reasonably expected that "more forthcoming responses should have

been made[.]" Id. at 1383. "The statutory trigger for Commerce's consideration of an adverse inference is simply a failure to cooperate to the best of respondent's ability, regardless of motivation or intent." Id. In the event that a respondent possesses relevant information but does not provide it, such behavior "cannot be considered 'maximum effort to provide Commerce with full and complete answers.'" Maverick Tube Corp. v. United States, 857 F.3d 1353, 1361 (Fed. Cir. 2017) (quoting Nippon Steel, 337 F.3d at 1382).

### A.    Commerce's Use of Facts Otherwise Available

#### 1.    Necessary Information Not Available on the Record Pursuant to 19 U.S.C. § 1677e(a)(1)

Commerce determined that the use of facts otherwise available was appropriate because necessary information was missing from the record regarding the price paid by Heze Huayi and Kangtai for the land-use rights. Final IDM at 11–13. Commerce determined that "the record does not have the land-use rights purchase contracts with the price paid for the land-use rights, which . . . is information necessary to [Commerce's] determination." Id. at 13. Commerce reasoned that "the land-use rights purchase contracts normally provide information regarding the owner of the land, the terms and duration of the contract, the location, the type of land-use right, the area, and, crucially, the price." Id.

Commerce requested that the Government of China provide "all government laws or regulations (at all levels of government) pertaining to the provision of land

or land-use rights." Decision Memorandum for the Preliminary Results of the Countervailing Duty Administrative Review of Chlorinated Isocyanurates from the People's Republic of China and Rescission of Administrative Review, in Part; 2021 (Dept. of Commerce Nov. 20, 2023) ("PDM") at 15, PR 107; see Administrative Review of the Countervailing Duty Order on Chlorinated Isocyanurates from the People's Republic of China: New Subsidy Allegations Questionnaire for the Government of China (Nov. 2, 2023) at 4, PR 90. The Government of China failed to provide "any provincial or local laws or regulations governing land-use rights . . . nor did it provide any explanation of how [Heze Huayi and Kangtai] acquired land-use rights and whether any local laws or regulations would have governed such transactions." PDM at 15. Commerce made a preliminary determination that "necessary information . . . is not on the record of this review" and Commerce "must rely on facts otherwise available in making [its] preliminary determination." Id. at 16.

Without the land-use rights purchase contracts themselves and without the Government of China's response to the New Subsidy Allegations Questionnaire, there was no documentation on the record confirming the price paid for the land-use rights as reported by Heze Huayi and Kangtai. Final IDM at 11–13. Commerce based its determination that necessary information was missing from the record pursuant to 19 U.S.C. § 1677e(a)(1) based on the missing land-use

rights purchase contracts.  Id.  As discussed below, however, the Court concludes

that the documents on which Commerce relied as facts otherwise available are

inaccurate and faulty because they were mostly written in Chinese and were not

translated into English, showed only sporadic payments, and failed to clearly

provide the information sought by Commerce regarding the owner of the land, the

terms and duration of the contract, the location, the type of land-use right, the area,

and the price.

### 2.    Information Pursuant to 19 U.S.C § 1677e(a)(2)

Even though Commerce determined that the application of facts otherwise

available was warranted pursuant to 19 U.S.C. § 1677e(a)(1) because necessary

information was missing from the record, Commerce also made a determination

pursuant to 19 U.S.C. § 1677e(a)(2)(D) that Heze Huayi and Kangtai did not

"[withhold] information requested by Commerce or [provide] information that

could not be verified within the meaning of [19 U.S.C. § 1677e(a)(2)(A) and (B)]."

Final IDM at 13, n.55.[2]

---

[2] It is apparent that the Final IDM erroneously cited to 19 U.S.C. § 1677e(a)(2)(B) rather than 19 U.S.C. § 1677e(a)(2)(D) because the provided citation to 19 U.S.C. § 1677e(a)(2)(B) does not correspond to the Final IDM statement and 19 U.S.C. § 1677e(a)(2)(D) appears to be the appropriate citation.  Compare 19 U.S.C. § 1677e(a)(2)(B) ("fails to provide such information by the deadlines for submission, or in the form and manner requested") with 19 U.S.C. § 1677e(a)(2)(D) ("provides such information but the information cannot be verified").

In its New Subsidy Allegations Questionnaires, Commerce requested the following information from Heze Huayi and Kangtai for each instance in which they acquired or leased land-use rights: (1) date of acquisition; (2) identity of seller; (3) location of land; (4) area of land; (5) price paid for land-use rights; (6) terms of payment; (7) duration of lease; (8) translated copy of the land-use contract; and (9) land-use certificates and land-use agreements issued by the local land-use bureau. See Administrative Review of the Countervailing Duty Order on Chlorinated Isocyanurates from the People's Republic of China: New Subsidy Allegations Questionnaire for Heze Huayi (Nov. 2, 2023) ("New Subsidy Allegations Questionnaire for Heze Huayi") at 4–5, PR 91; Administrative Review of the Countervailing Duty Order on Chlorinated Isocyanurates from the People's Republic of China: New Subsidy Allegations Questionnaire for Kangtai (Nov. 2, 2023) ("New Subsidy Allegations Questionnaire for Kangtai") at 4–5, PR 92. Heze Huayi and Kangtai provided Land-use Right Certificates and Land-use Right Purchase Charts, which purportedly established the date of acquisition, identity of seller, location of land, area of land, price paid for land-use rights, terms of payment, and duration of lease. See Chlorinated Isocyanurates from the People's Republic of China: Heze Huayi New Subsidy Allegations Questionnaire Response (Nov. 14, 2023) ("Heze Huayi New Subsidy Allegations Questionnaire Resp.") at Exs. NSA-1, NSA-2, PR 96, CR 76–77; Chlorinated Isocyanurates from the

People's Republic of China: Kangtai New Subsidy Allegations Questionnaire Response (Nov. 14, 2023) ("Kangtai New Subsidy Allegations Questionnaire Resp.") at Exs. NSA-1, NSA-2, PR 97, CR 78–79.  Heze Huayi and Kangtai stated that they could not locate the actual land-use rights purchase contracts due to the length of time that had elapsed since they signed the contracts.  Heze Huayi New Subsidy Allegations Questionnaire Resp. at 1–2; Kangtai New Subsidy Allegations Questionnaire Resp. at 1–2.

In accordance with 19 U.S.C. § 1677m(d), Commerce issued supplemental questionnaires to Heze Huayi and Kangtai, notified them that the land-use rights purchase contracts were necessary for Commerce's determination, and requested that Heze Huayi and Kangtai provide the land-use rights purchase contracts for each land-use rights purchase identified in Exhibit 1 of each company's New Subsidy Allegations Response.  See Countervailing Duty Administrative Review of Chlorinated Isocyanurates from the People's Republic of China: Heze Huayi's Supplemental Questionnaire (Apr. 3, 2024) ("Heze Huayi Supplemental Questionnaire") at 4–5, PR 128; Countervailing Duty Investigation of Chlorinated Isocyanurates from the People's Republic of China: New Subsidy Allegations Supplemental Questionnaire (Apr. 4, 2024) ("Kangtai Supplemental Questionnaire") at 4–5, PR 129; see also Heze Huayi New Subsidy Allegations Questionnaire Resp. at Ex. NSA-1; Kangtai New Subsidy Allegations

Questionnaire Resp. at Ex. NSA-1. In the absence of the land-use rights purchase contracts, Commerce requested that Heze Huayi and Kangtai: (1) explain the steps each company took to determine the price paid for the land-use rights and submit official documentation that each used in the course of its normal business activities supporting its response; (2) explain how each company's accounting system records and maintains information relating to each land-use rights purchase, and provide documentation supporting its response; (3) indicate the manner of payment for each land-use rights purchase and provide a summary of the terms for each land-use rights purchase, and provide documentation supporting the response; and (4) tie each of the land-use rights purchases to each company's 2021 financial statements, including screenshots of the applicable ledger(s). See Heze Huayi Supplemental Questionnaire at 4–5; Kangtai Supplemental Questionnaire 4–5. Heze Huayi and Kangtai were still unable to provide the necessary land-use rights purchase contracts. Final IDM at 12; see Chlorinated Isocyanurates from the People's Republic of China: Heze Huayi 3rd Supplemental Questionnaire Response (Apr. 17, 2024) ("Heze Huayi Supplemental Questionnaire Resp.") at 1–2, PR 134, CR 96–98; Chlorinated Isocyanurates from the People's Republic of China: Kangtai Supplemental Questionnaire Response (Apr. 18, 2024) ("Kangtai Supplemental Questionnaire Resp."), at 1–2, PR 135, CR 99–100.

Commerce accepted the supplemental information submitted by Heze Huayi and Kangtai as facts otherwise available, reasoning that although the information provided by Heze Huayi and Kangtai was not a substitute for the land-use rights purchase contracts themselves, "there is no evidence on the record that undermines [the provided information's] probative value." Final IDM at 13. Plaintiffs argue that Commerce's use of facts otherwise available should be remanded because Commerce's determination is not supported by substantial evidence and is not in accordance with law. Pls.' Br. at 25–26. Plaintiffs contend that the record evidence does not adequately support the prices paid alleged by Heze Huayi and Kangtai. Id. at 16–17, 23. Specifically, Plaintiffs challenge the information provided by Heze Huayi and Kangtai, arguing that the documents that Commerce accepted as facts otherwise available were incomplete, inaccurate, and otherwise not an acceptable substitute for the missing information in the land-use rights purchase contracts. Id. at 17–22.

The Court reviewed the documents cited by Commerce in the Final IDM. See Heze Huayi New Subsidy Allegations Questionnaire Resp. at Exs. NSA-1, NSA-2; Kangtai New Subsidy Allegations Questionnaire Resp. at Exs. NSA-1, NSA-2; Heze Huayi Supplemental Questionnaire Resp. at Exs. SQ3-1–SQ3-5; Kangtai Supplemental Questionnaire Resp. at Exs. SQ4-1–SQ4-5. The Court agrees with Plaintiff that the documents provided by Heze Huayi and Kangtai were

deficient because the documents were written in Chinese and were largely

untranslated into English, showed sporadic payments to various seemingly

irrelevant entities, and failed to clearly provide the information sought by

Commerce regarding the owner of the land, the terms and duration of the contract,

the location, the type of land-use right, the area, and the price.  Moreover,

Commerce did not explain sufficiently why the documents provided by Heze

Huayi and Kangtai were adequate substitutes for the missing information on the

record.  See Donald J. Kochan, Reason-Giving, Rulemaking, and the Rule of Law,

87 UMKC L. Rev. 525, 548 (2018) (noting that agencies should be encouraged to

provide reasons in order to increase credibility and legitimacy).

Substantial evidence relied upon by Commerce must be accurate, which has

been defined by the CAFC as mathematically and factually correct.  Nan Ya

Plastics Corp. v. United States ("Nan Ya Plastics Corp."), 810 F.3d 1333, 1344

(Fed. Cir. 2016) ("[C]ase law and the statute thus teach that a Commerce

determination . . . is 'accurate' if it is correct as a mathematical and factual matter,

thus supported by substantial evidence[.]").

Despite Commerce's acceptance of the documents submitted by Heze Huayi

and Kangtai as substitutes for the missing land-use rights purchase contracts, it is

apparent to the Court that the record evidence cited by Commerce does not

establish that the prices alleged by Heze Huayi and Kangtai are accurate or an acceptable substitute for the land-use rights purchase contracts.

For example, Heze Huayi's "Payment Slips for Land Purchases" indicates payments to four different Chinese government agencies: (1) Juancheng Bureau of Land Resources; (2) Juancheng Bureau of Finance; (3) Juancheng Bureau of Local Taxation; and (4) the Non-Taxable Revenues for Local Finance. See Heze Huayi Supplemental Questionnaire Resp. at Ex. SQ3-3. The only government entity associated with Heze Huayi's Land-use Right Certificates is Juancheng County Bureau of Land Resources. See id. at Ex. SQ3-1. It is not clear from the record that the payments reported by Heze Huayi relate to the purchase of land-use rights. Heze Huayi's payment slips submitted to Commerce do not show a pattern consistent with typical installment contracts in terms of the amount of the payments or the payment schedule. See id. at Ex. SQ3-2.

Similarly, Kangtai's "Supporting Documentation for Land-use Right Payment" indicates payments to multiple government entities, such as payments to Juancheng County Finance Second Budget Fund Management Office and Juancheng County Finance Settlement. See Kangtai Supplemental Questionnaire Resp. at Ex. SQ4-1. The only government entity associated with Kangtai's Land-use Right Certificates is Juancheng County Bureau of Land Resources. See Kangtai New Subsidy Allegations Questionnaire Resp. at Exs. NSA-1, NSA-2. As

with Heze Huayi, Kangtai's "Supporting Documentation for Land-use Right Payment" does not show a pattern consistent with typical installment contracts in terms of the amount of the payments or the payment schedule. See Kangtai Supplemental Questionnaire Resp. at Ex. SQ4-1.

Much of the information submitted by Heze Huayi and Kangtai in lieu of the land-use rights purchase contracts (the facts otherwise available on which Commerce relied) are in Chinese and are not translated into English. Commerce's regulations establish that questionnaire responses submitted in a foreign language "must be accompanied by an English translation of the entire document or of only pertinent portions, where appropriate, unless the Secretary waives this requirement for an individual document." 19 C.F.R. § 351.303(e). Prior to submitting the response, "[a] party must obtain the Department's approval for submission of an English translation of only portions of a document[.]" Id. There is no evidence on the record before the Court that Heze Huayi and Kangtai requested or received approval from Commerce to submit only portions of the documents in English.

In the interest of accuracy and obtaining factually correct information on the record, the Court concludes that Commerce's reliance on facts otherwise available is unreasonable because the supplemental documents consisted of faulty records with incomplete translations and a lack of correlation with the missing information on the record. The Court remands for Commerce to reconsider the record, at a

minimum to request that the documents relied upon as facts otherwise available are translated from Chinese into English.  If Commerce decides to re-open the record to accept newly translated documents, the Court suggests that Commerce should consider accepting the land-use rights purchase contracts on the record.  During oral argument, it was brought to the Court's attention that the land-use rights purchase contracts are now available.  This would allow Commerce to make a new determination on remand and to verify the information regarding the prices paid by Heze Huayi and Kangtai.  Because Commerce based its determination of facts otherwise available on the missing land-use rights purchase contracts and the faulty supplemental information provided by Heze Huayi and Kangtai, the Court concludes that Commerce's determination is not in accordance with law and is not supported by substantial evidence.

## CONCLUSION

The Court concludes that Commerce's application of facts otherwise available in the <u>Final Results</u> is neither in accordance with law nor supported by substantial evidence, and the Court remands the <u>Final Results</u> for further consideration in accordance with this Opinion.  Accordingly, it is hereby

**ORDERED** that this case shall proceed according to the following schedule:

(1) Commerce shall file its remand redetermination on or before April 20, 2026;

(2) Commerce shall file the administrative record on or before May 4, 2026;

(3) Comments in opposition to the remand redetermination shall be filed on or before May 20, 2026;

(4) Comments in support of the remand redetermination shall be filed on or before June 22, 2026; and

(5) The joint appendix shall be filed on or before June 29, 2026.


                                                /s/ Jennifer Choe-Groves
                                             Jennifer Choe-Groves, Judge


Dated:    February 18, 2026
           New York, New York